
Marian F. Harrison
US Bankruptcy Judge

Dated: 12/13/2013



UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BRANDY MICHELLE GRANDBERRY, | ) | NO. 109-07056 |
| | ) | |
| Debtor. | ) | JUDGE RANDAL S. MASHBURN |
| | ) | |
| BRANDY MICHELLE GRANDBERRY, | ) | ADV. NO. 112-90611 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA NA, a/k/a | ) | |
| BAC HOME LOANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## MEMORANDUM OPINION
_____

This matter was heard upon the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012, and Fed. R. Civ. P. 8(a), as incorporated by Fed. R. Bankr. P. 7008. For the following reasons, the Court finds that the defendant's motion to dismiss should be denied in part and granted in part.

# I. BACKGROUND[1]

The debtor filed a voluntary Chapter 13 petition on June 25, 2009. The defendant and the Government National Mortgage Association (hereinafter "Ginnie Mae") were notified of the filing, and the Meeting of Creditors was held on August 19, 2009. On Schedule D of the debtor's petition, the debtor listed the defendant as having a debt secured by a deed of trust on the debtor's residence. The Chapter 13 plan, as confirmed, included treatment of the debt as a continuing debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision.

The debtor filed a proof of claim on behalf of the defendant on December 1, 2009, for the continuing mortgage payments and for the arrearage. A copy of the deed of trust was attached; however, the defendant is not the entity named in the deed of trust. The promissory note was not attached. On April 23, 2012, the Court entered an order declaring that $2391.75 in pre-petition arrearages had been cured and deeming the mortgage current. The debtor, through counsel, tendered a letter to the defendant by certified mail on April 13, 2012, requesting information regarding the mortgage. The defendant provided a partial response to the request on July 11, 2012, which included a copy of a note endorsed in blank.

---

[1]For purposes of this motion, the facts in the complaint are taken as true.

The defendant filed notices of payment change on July 27, 2012, August 30, 2012, and July 19, 2013. Other than the notices of payment change, the defendant has never amended the proof of claim filed by the debtor on its behalf.

Based on the above facts, the debtor raises the following counts in her complaint: (1) objections to the claim filed on behalf of the defendant because a copy of the note is not attached, because the defendant lacks standing since the note was endorsed in blank, and because the accounting was incorrect; (2) the debtor seeks the removal of any cloud from the title based on the disallowance of the claim; (3) violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"); (4) violation of the Real Estate Settlement and Procedures Act (hereinafter "RESPA"); and (5) violation of Fed. R. Bank. P. 3002.1.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant is allowed to move to dismiss a complaint for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), this Court must "treat as true all of the well-pleaded allegations of the complaint." **Bower v. Fed. Express Corp.,** 96 F.3d 200, 203 (6th Cir. 1996) (citations omitted). In addition, the Court must construe all allegations in the light most favorable to the plaintiff. **Id.** (citation omitted). As explained by the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." ***Bell Atl. Corp. v. Twombly,*** 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The Court can consider the complaint, as well as exhibits attached to the complaint. ***Bassett v. Nat'l Collegiate Athletic Ass'n,*** 528 F.3d 426, 430 (6th Cir. 2008). Compliance with Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" ***Twombly,*** 550 U.S. at 555 (citation omitted).

### A. **OBJECTION TO CLAIM**

As stated earlier, the debtor raises three objections to the defendant's claim: (1) insufficient documentation; (2) lack of standing; and (3) inaccurate accounting.

Objections to claims are governed by 11 U.S.C. § 502(a), providing that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." Section 502(b) provides that "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall

4 - U.S. Bankruptcy Court, M.D. Tenn.

Case 1:12-ap-90611   Doc 16   Filed 12/16/13   Entered 12/16/13 10:56:38   Desc Main
Document      Page 4 of 12

allow such claim in such amount. . . ." A proof of claim filed in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

A party who objects to the claim "must present evidence rebutting the proof of claim by refuting at least one allegation that is essential to the legal sufficiency of the claim, after which the burden of proof shifts to the claimant to prove the claim's validity by a preponderance of the evidence." *In re Reed,* 492 B.R. 261, 264 (Bankr. E.D. Tenn. 2013) (citation omitted).

Nevertheless, when a creditor fails to provide sufficient supporting documentation with its proof of claim, the result is the loss of the creditor's prima facie presumption of validity for its proof of claim. *In re Kemmer,* 315 B.R. 706, 713 (Bankr. E.D. Tenn. 2004). In the present case, the debtor filed a protective proof of claim on behalf of the defendant. The deed of trust is the only document attached to the proof of claim, and the defendant is not the entity named in the deed of trust. Moreover, except for the notices of payment change, the defendant has not amended the proof of claim. Based on the factual allegations and the documentation attached to the complaint, the Court finds that the complaint sufficiently raises a potential right to relief. Accordingly, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a) is not appropriate.

5 - U.S. Bankruptcy Court, M.D. Tenn.

Case 1:12-ap-90611    Doc 16    Filed 12/16/13    Entered 12/16/13 10:56:38    Desc Main
Document      Page 5 of 12

## B. TITLE CLOUD

This issue is tied to whether the defendant has a valid proof of claim. Consequently, whether the debtor is entitled to have the lien removed from the property cannot be determined until such time as the objection to claim is resolved.

## C. FAIR DEBT COLLECTION PRACTICES ACT

In her memorandum in opposition to the motion to dismiss, the debtor argues that the defendant violated the FDCPA through false and deceitful acts, including its refusal to provide proof of valid standing, incorrect accounting, refusing to provide transfer information, and refusing to actually account for the escrow. Moreover, the debtor asserts that the defendant is a debt collector subject to the FDCPA because it appears that the defendant may have taken over the servicing of the loan after the debtor's loan was already in default.

This Court is persuaded by the reasoning in ***Poteet v. eCast Settlement Corp. (In re Poteet),*** No. 11-1081, 2011 WL 3626696 (Bankr. E.D. Tenn. Aug. 17, 2011). In granting a motion to dismiss a FDCPA action, the Court noted that:

> "The FDCPA . . . was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life." ***Mace v. Van Ru Credit Corp.,*** 109 F.3d 338, 343 (7th Cir. 1997). "Debtors in bankruptcy proceedings do not need protection from abusive collection methods that are covered under the FDCPA because the claims process is highly regulated and court controlled. While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous

6 - U.S. Bankruptcy Court, M.D. Tenn.

debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers." *B–Real,* 405 B.R. at 432 (footnote omitted)(internal quotation marks omitted). Thus debtors are protected in bankruptcy proceedings-and by discharge afterward.

*Id.* at *4 (citations omitted).

Accordingly, the Court finds that the debtor is adequately protected by the highly regulated claims process under the Bankruptcy Code and that the debtor's claim under FDCPA should be dismissed.

### D.  REAL ESTATE SETTLEMENT AND PROCEDURES ACT

In the present case, the debtor acknowledges that the defendant responded to her request for information but asserts that the response was inadequate under RESPA. To succeed on a claim pursuant to RESPA, a plaintiff must show four elements:

(1) the defendant is a loan servicer under the statute;

(2) the plaintiff sent a qualified written request consistent with the requirements of the statute;

(3) the defendant failed to respond adequately within the statutorily required days; and

(4) the plaintiff has suffered actual or statutory damages.

*Walter v. Deutsche Bank Nat'l Trust Co. (In re Walter),* 489 B.R. 298, 304-05 (Bankr. S.D. Ga. 2012) (citations omitted).

A "qualified written request" (hereinafter "QWR") is a written correspondence from the borrower to the servicer (other than notice on a payment coupon or other medium supplied by the servicer) that:

>   (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower, and
>
>   (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

>   Within sixty days after receiving a QWR, a servicer must:
>
>   (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
>   (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes –
>
>   >   (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>   >
>   >   (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
>   (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes –

Case 1:12-ap-90611    Doc 16    Filed 12/16/13    Entered 12/16/13 10:56:38    Desc Main
Document    Page 8 of 12

> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2). If a servicer fails to comply with the requirements of 12 U.S.C. § 2605(e), the servicer is liable to the borrower for any actual damages resulting from the failure to comply and for any additional damages if there is a showing of a pattern or practice of noncompliance with the requirements of the section. 12 U.S.C. § 2605(f)(1).

Whether or not the debtor has presented a valid claim that the defendant violated RESPA, she must also allege actual damages resulting from the defendant's alleged inadequate response to her QWR. ***Battah v. ResMAE Mortg. Corp.,*** 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010). In the complaint, the debtor merely states that "[t]he actual damages resulting from the Defendant's lack of response includes all damages that result and all costs associated with this Adversary Proceeding including attorney fees and costs." In response to the motion to dismiss, the debtor states that she "did plead actual damages and those include attorney's fees owed to her counsel, her time and expenses spent reviewing the claim, reviewing the limited QWR response and meeting with her counsel as well as her future time she will have to spend addressing the Defendant's claim."

The damages alleged by the debtor are the costs of litigation, and such damages do not constitute actual damages for a claim under 12 U.S.C. § 2605(f). ***Kevelighan v. Trott & Trott, P.C.,*** No. 09-12543, 2011 WL 2076336, at *4 (E.D. Mich. May 26, 2011) ("[a]llowing the costs of filing suit to satisfy the actual damages requirement of § 2605(f) would render the phrase 'as a result of the failure' superfluous, as a borrower would incur such damages simply by filing her action") (citations omitted). Nor does the costs of sending a QWR satisfy the actual damage requirement. ***Tsakanikas v. JP Morgan Chase Bank N.A.,*** No. 2:11-CV-888, 2012 WL 6042836, at *3 (S.D. Ohio Dec. 4, 2012).

The debtor's allegation of damages resulting from the defendant's partial response to her QWR, even if taken as true, are costs of litigation and therefore, are insufficient to survive a motion to dismiss.

### E.  FED. R. BANKR. P. 3002.1

The debtor alleges that the defendant's notices of payment change violated Fed. R. Bankr. P. 3002.1 because the notices are inconsistent, use the name of BAC Home Loans, which is no longer an existing entity, and seek an increase in payment despite this Court's order declaring the pre-petition arrearage cured.

Rule 3002.1 applies only in Chapter 13 cases and only "to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan." Fed. R. Bankr. P. 3002.1(a). The Rule further provides:

> (b) Notice of Payment Changes. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the [Chapter 13 Trustee] a notice of any change in the payment amount, including any change that results from an interest rate or *escrow account adjustment*, no later than 21 days before a payment in the new amount is due.
>
> (c) Notice of Fees, Expenses, and Charges. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the [Chapter 13 Trustee] a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

(Emphasis added).

Initially, there is no basis for finding a violation of Rule 3002.1 simply because the notices are in the name of BAC Home Loans Servicing, LP (which merged with and into the defendant, effective July 1, 2011, per public record). In addition, the notices of payment change and the attached documentation (all attached to the complaint) reflect changes to monthly escrow payments based on an escrow analysis of taxes, homeowners insurance, and FHA mortgage insurance premiums. The second notice of payment change reflects that further escrow analysis reduced the amount of the debtor's monthly payment. These notices, which the debtor attached to her complaint, do not support the debtor's conclusory

11 - U.S. Bankruptcy Court, M.D. Tenn.

assertion that the notices of payment change are related to any pre-petition arrearage that was declared cured. In fact, the order declaring the mortgage current relates to three missed pre-petition payments. The notices of payment change simply reflect the amounts necessary to maintain the escrow account in the future, and the debtor makes no argument that the numbers used in the escrow analysis are erroneous.

Consequently, dismissal of the debtor's claim that the defendant violated Rule 3002.1 is appropriate.

### III. CONCLUSION

Accordingly, the Court finds that the defendant's motion to dismiss should be granted as to the debtor's claims under FDCPA, RESPA, and Rule 3002.1, and the defendant's motion should be denied as to the other claims in the debtor's complaint.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

12 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 1:12-ap-90611    Doc 16    Filed 12/16/13    Entered 12/16/13 10:56:38    Desc Main Document    Page 12 of 12